UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                  CRIMINAL NO. 3:24-CR-80-KHJ-ASH-1

STEVEN RAY GALEY

ORDER

Before the Court is Defendant Steven Ray Galey's ("Galey") [25] Motion to Dismiss Indictment. The Court denies the motion.

I.    Background

Under 18 U.S.C. § 922(g)(1), no person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" may possess ammunition in or affecting commerce. Under 18 U.S.C. § 842(i)(1), no person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" may possess any explosive in or affecting interstate commerce.

Galey has previous felony convictions for residential burglary and possession of explosives. Miss. Dep't of Corr. R. [26-1] at 4; Gov't Resp. [26] at 2. In August 2024, a federal grand jury returned a two-count [3] Indictment, charging Galey with both knowingly possessing ammunition in and affecting commerce as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), and knowingly possessing explosives in and affecting commerce as a felon, in violation of 18 U.S.C. §§ 842(i)(1) and 844(a). [3] at 1; *see also* Mot. to Correct Indictment [21].

Galey moves to dismiss the [3] Indictment, arguing that Section 922(g)(1) and Section 842(i)(1) violate the Second Amendment on their face and as applied to him under *Bruen*,[1] violate the Fifth Amendment's guarantees of equal protection and due process under the law, and are void for vagueness. [25] at 1. "[T]hough foreclosed by pre-*Bruen* Fifth Circuit precedent (as to [Section] 922(g)(1))," Galey also "preserves for review his argument that [Section] 922(g)(1) and [Section] 842(i)(1) constitute an unconstitutional extension of Congress's authority under the Commerce Clause." *Id.*

The United States filed a [26] Response; Galey filed a [27] Reply.

II.   Standard

Under Rule 12, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A court may consider a motion to dismiss an indictment if the defect "in the prosecution is essentially one of law . . . ." *United States v. Guthrie*, 720 F. App'x 199, 201 (5th Cir. 2018) (per curiam) (citation modified). A criminal defendant may use Rule 12(b)(1) to challenge the constitutionality of the charged statutes. *See United States v. Flores*, 652 F. Supp. 3d 796, 798 (S.D. Tex. 2023).

III.  Analysis

   A. Section 922(g)(1)

      1. Second Amendment

Section 922(g)(1) does not violate the Second Amendment.

---

[1] *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

a. Facial Challenge

First, Galey argues that Section 922(g)(1) is facially unconstitutional under the Second Amendment. *See* [25] at 1–2, 7–11. Galey concedes that this argument is foreclosed by Fifth Circuit precedent, *see United States v. Diaz*, 116 F.4th 458, 472 (5th Cir. 2024), *cert. denied*, No. 24-6625, 2025 WL 1727419 (U.S. June 23, 2025), and he raises it here only to preserve his argument for further review. [25] at 1, 7–11. Bound by Fifth Circuit precedent, this Court need not address this challenge.

b. As-Applied Challenge

Second, Galey argues that Section 922(g)(1) is unconstitutional under the Second Amendment, as applied to him, because "the Government has not shown that the permanent restriction of [his] right to possess arms is consistent with the Nation's historical traditions . . . ." *Id.* at 13 (citing *Bruen*, 597 U.S. at 17).

*Bruen* set forth "the standard for applying the Second Amendment . . . ." *Bruen*, 597 U.S. at 24. First, courts must determine whether "the Second Amendment's plain text covers an individual's conduct . . . ." *Id.* at 17. If so, then the "Constitution presumptively protects that conduct," and the "government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 24. "Only if the government meets that burden 'may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.'" *United States v. Kimble*, 142 F.4th 308, 311 (5th Cir. 2025) (quoting *Bruen*, 597 U.S. at 17).

3

"As to the first inquiry, '[t]he plain text of the Second Amendment covers the conduct prohibited by [Section] 922(g)(1).'" *Id.* (quoting *Diaz*, 116 F.4th at 467). "That is because convicted felons are unequivocally among the people protected by the Second Amendment." *Id.* (citation modified).

As to the second inquiry, "caselaw recognizes three categories of offenses that doom a defendant's as-applied challenge to [Section 922](g)(1): theft, violence, and violating the terms of one's release by possessing arms while on parole." *Id.* Galey's as-applied challenge is foreclosed by his prior burglary conviction. *See id.* (citing *Diaz*, 116 F.4th at 468–70); *see also* [26-1] at 4; [26] at 2 (reflecting Galey's theft-related crime and violent crime). Fifth Circuit "caselaw establishes that if a defendant's predicate felony involves theft or violence, his as-applied challenge to [Section] 922(g)(1) will fail." *Kimble*, 142 F.4th at 312.

For this reason, Galey's as-applied challenge to Section 922(g)(1) fails. His disarmament does not offend our Nation's historical tradition of firearm and ammunition regulation, so it is lawful and appropriate under the Second Amendment and *Bruen*. *See id.*

Galey's Second Amendment challenges fail.

   2. Fifth Amendment

Section 922(g)(1) does not violate the Fifth Amendment.

Galey also argues Section 922(g)(1) is unconstitutional under the Fifth Amendment because it violates "equal protection and due process guarantees by

4

abridging the right to bear arms based on varied state statutes and by stripping [him] of his right to bear arms without due process." [25] at 1.

      a. Equal Protection

Galey contends that Section 922(g)(1) "burden[s] [his] fundamental right to keep and bear arms." *Id.* at 14. He believes the statute cannot withstand strict scrutiny because it "contain[s] no uniform definition of the conduct that will result in the loss of the right to possess arms," and it "does not consistently restore the right to keep and bear arms . . . , resulting in a lack of uniform application." *Id.* And although the Fifth Circuit has previously rejected this argument, *see United States v. Darrington*, 351 F.3d 632, 634–35 (5th Cir. 2003), Galey submits that "*Bruen* has . . . rendered this [caselaw] obsolete." [25] at 14 (citing *Diaz*, 116 F.4th at 465).

It has not. *Darrington* "determined that governmental restrictions on the right to bear arms need not meet a strict scrutiny test because it was not a fundamental right." *United States v. Howard*, No. 24-40033, 2024 WL 4449866, at *2 (5th Cir. Oct. 9, 2024) (per curiam), *cert. denied*, 145 S. Ct. 1210 (2025) (citing *Darrington*, 351 F.3d at 635). So although Galey argues *Bruen* has rendered *Darrington* obsolete, strict scrutiny should apply, and Section 922(g)(1) cannot withstand strict scrutiny, *see* [25] at 14, the Fifth Circuit "has rejected an identical argument applying the plain-error standard of review." *Howard*, 2024 WL 4449866, at *2 (citing *United States v. Steward*, No. 23-20515, 2024 WL 3082334 (5th Cir. June 21, 2024)); *see also United States v. Branson*, 139 F.4th 475, 477 (5th Cir. 2025) (citing *Howard*, 2024 WL 4449866, at *2). In doing so, the Fifth Circuit

5

explained: "Neither the Supreme Court nor [the Fifth Circuit] sitting en banc has overruled *Darrington*." *Howard*, 2024 WL 4449866, at *2 (citation modified).

Put simply, the felon-in-possession ban from owning firearms does not violate Galey's equal protection rights. *See United States v. Goody*, No. 23-20471, 2025 WL 1924688, at *2 (5th Cir. July 14, 2025) (per curiam).

    b.  Due Process

Citing only to Justice Thomas's dissent in *Rahimi*,[2] Galey also contends that Section 922(g)(1) violates his right to due process of law under the Fifth Amendment by "disarming [him] based on generalized findings without any individualized inquiry about whether [he] poses a risk of violence." [27] at 9; *see also* [25] at 14–15.

To support his position, Galey reiterates Justice Thomas's stance that Section 922(g)(8) "strips an individual of his ability to possess firearms and ammunition without any due process." *Rahimi*, 602 U.S. at 748 (Thomas, J., dissenting). Galey highlights that "Section 922(g)(8) affords 'no hearing or opportunity to be heard on the statute's applicability, and a court need not decide whether a person should be disarmed.'" [25] at 15 (quoting *Rahimi*, 602 U.S. at 748 (Thomas, J., dissenting)). "The only process [Section] 922(g)(8) requires is that provided (or not) for the underlying restraining order." *Id.* (emphasis omitted) (quoting *Rahimi*, 602 U.S. at 748 (Thomas, J., dissenting)).

---

[2] *United States v. Rahimi*, 602 U.S. 680, 747–778 (2024) (Thomas, J., dissenting).

6

Galey asserts that Section 922(g)(1) "suffer[s] these same defects." *Id.* The statute, according to Galey, "is an automatic consequence of a felony conviction," and it requires "no finding that an individual should be disarmed or that an individual presents a danger to the public, if armed, before allowing for complete and permanent disarmament." *Id.* All that is required is a conviction punishable by imprisonment for a term exceeding one year. *Id.* (citing § 922(g)(1)).

But Galey was afforded due process before his right to bear arms was abridged—"specifically, he was entitled to a jury trial on the underlying conviction." *United States v. Cockerham*, No. 5:25-CR-1, 2025 WL 1439458, at *4 (S.D. Miss. May 19, 2025). Galey's "argument that [Section] 922(g)(1) does not provide a defendant with due process because it is the automatic result of a felony conviction ignores the fact that a criminal defendant's entitlement to a jury trial provides him with process before he loses his right to bear arms." *Id.* And he provides no case law to support the contention that the right to a jury trial for the underlying conviction is insufficient under the Due Process Clause. *See id.*; *see also* [25]; [27].

"Congress has imposed disarmament as a punishment for committing a felony," and Galey "fails to explain how this lack of process violates the Due Process Clause . . . ." *Cockerham*, 2025 WL 1439458, at *5; *see also United States v. Lee*, No. 5:24-CR-8, 2025 WL 1261609, at *4 (S.D. Miss. Apr. 30, 2025) (addressing similar arguments).

Galey's Fifth Amendment challenges fail.

7

3. Vagueness

Section 922(g)(1) is not void for vagueness.

Next, Galey argues Section 922(g)(1) is void for vagueness. *See* [25] at 1. He claims Section 922(g)(1) is "facially unconstitutional because [it] fail[s] to provide a person of ordinary intelligence fair notice of what conduct is prohibited." *Id.* at 15.

"A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required." *Branson*, 139 F.4th at 478 (citation modified) (collecting cases). "Vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *Id.* (citation modified) (collecting cases). So as a threshold matter, Galey must show that Section 922(g)(1) "is vague *in his case* . . . ." *United States v. Clark*, 582 F.3d 607, 614 (5th Cir. 2009).

He has not. Galey was "clearly put on notice that his offense comes within [Section] 922(g)(1)." *Branson*, 139 F.4th at 478.[3] He "neatly fits the statutory text." *Id.* He has felony offenses in Mississippi for residential burglary and possession of explosives, among other charges. [26-1] at 4. As a convicted felon, he is barred from possessing ammunition. § 922(g)(1). Yet on January 29, 2024, he allegedly was found with ammunition. *See* [3] at 1.

Given these facts and the plain language of the Section 922(g)(1), "an ordinary person had fair notice that it is unlawful for them to possess

---

[3] "As a reminder, [Section] 922(g)(1) makes it unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to possess any [ammunition]." *Branson*, 139 F.4th at 478 (citation modified).

8

[ammunition]." *Branson*, 139 F.4th at 478 (citing *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32–33 (1963) ("Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed.")); *see also Branson*, 139 F.4th at 478 (rejecting the same argument under *Diaz* that Galey presents here). "The statute, [Section] 922(g)(1), clearly defines the prohibited conduct—possessing [ammunition] as a felon." *Branson*, 139 F.4th at 479. So "Section 922(g)(1) survives vagueness review because it defines the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited." *Id.* (citation modified).

    Galey's vagueness challenge fails.

        4.   Commerce Clause

Section 922(g)(1) is not unconstitutional under the Commerce Clause.

    Finally, Galey argues that Section 922(g)(1) constitutes "an unconstitutional extension of Congress's authority under the Commerce Clause." [25] at 1. But Galey concedes that this argument is foreclosed by Fifth Circuit precedent, and he raises it here only to preserve his argument for further review. *Id.* at 1, 17–19 (citing *United States v. Rawls*, 85 F.3d 240, 243 (5th Cir. 1996) (per curiam)); *see also United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023) (per curiam), *cert. denied*, 144 S. Ct. 1081 (2024). Bound by Fifth Circuit precedent, this Court need not address this challenge.

    Galey's Commerce Clause challenge fails.

B. Section 842(i)(1)

1. Second Amendment[4]

Section 842(i)(1) does not violate the Second Amendment.

First, Galey argues Section 842(i)(1) violates the Second Amendment. [25] at 1. Explosives are not protected under the Second Amendment. In *District of Columbia v. Heller*, the United States Supreme Court clarified that the Second Amendment protects only those weapons "in common use," which are "typically possessed by law-abiding citizens for lawful purposes . . . ." 554 U.S. 570, 624–25 (citation modified). Because explosives are "dangerous and unusual," they are not protected by the Second Amendment. *Id.* at 627 (citation modified).

The Fifth Circuit reinforced this in *United States v. Jennings*, 195 F.3d 795, 798 (5th Cir. 1999) (differentiating an explosive from a handgun because an explosive, "by its very nature, creates a substantial risk of violence," and it does not serve other purposes such as for sport, hunting, or protection); *see also id.* ("[The Court] cannot conceive of any non-violent or lawful uses for [an explosive]."); *see also Teston*, 730 F. Supp. 3d at 1166–67 (explaining a "bomb is not an 'arm' which the Second Amendment protects"); *see also id.* at 1146 ("[Section] 842(i)(1) does not violate the Second Amendment, because the Second Amendment's plain text does not cover [the defendant's] conduct.").

---

[4] Due to the lack of caselaw discussing the constitutionality of Section 842(i)(1) within this Circuit, the Court adds that Section 922(g)(1) and Section 842(i)(1) "are substantially similar—both textually and in terms of their apparent purpose—and there is no coherent reason to assume that charges under [Section] 842(i)(1) would receive greater [c]onstitutional protection under the Second Amendment than charges under [Section] 922(g)(1)." *United States v. Teston*, 730 F. Supp. 3d 1142, 1176–77 (D.N.M. 2024).

10

Galey's Second Amendment challenge fails.

 2. Fifth Amendment

Section 842(i)(1) does not violate the Fifth Amendment.

Next, Galey argues Section 842(i)(1) is unconstitutional under the Fifth Amendment because it violates "equal protection and due process guarantees by abridging the right to bear arms based on varied state statutes and by stripping [him] of his right to bear arms without due process." [25] at 1.

 a. Equal Protection

Galey contends that Section 842(i)(1) "burden[s] [his] fundamental right to keep and bear arms." *Id.* at 14. For the reasons discussed above, that challenge fails. *Supra* pp. 5–6.

 b. Due Process

Citing only to Justice Thomas's dissent in *Rahimi*,[5] Galey also contends that Section 842(i)(1) violates his right to due process of law under the Fifth Amendment by "disarming [him] based on generalized findings without any individualized inquiry about whether [he] poses a risk of violence." [27] at 9; *see also* [25] at 14–15. For the reasons discussed above, that challenge fails. *Supra* pp. 6–7.

 3. Vagueness

Section 842(i)(1) is not void for vagueness.

Galey also argues Section 842(i)(1) is void for vagueness. *See* [25] at 1. He claims Section 842(i)(1) "is facially unconstitutional because [it] fail[s] to provide a

---

[5] *Rahimi*, 602 U.S. at 747–778 (Thomas, J., dissenting).

person of ordinary intelligence fair notice of what conduct is prohibited." *Id.* at 15. For the reasons discussed above, that challenge fails. *Supra* pp. 8–9.

    4. Commerce Clause

Section 842(i)(1) is not unconstitutional under the Commerce Clause.

Relying on the United States Supreme Court's decision in *United States v. Lopez*, 514 U.S. 549 (1995), Galey finally argues that Section 842(i)(1) constitutes "an unconstitutional extension of Congress's authority under the Commerce Clause." [25] at 1; *see also id.* at 17–19. But Congress may regulate the sale, storage, transportation, and possession of explosives—just as with firearms. In *Rawls*, the Fifth Circuit explained: "Central to the Court's holding in *Lopez* was the fact that [Section] 922(q) contained no jurisdictional element which would ensure, through a case-by-case inquiry, that the firearm possession in question affects interstate commerce." *Rawls*, 85 F.3d at 242 (citation modified). Sections 842(i)(1) and 922(g)(1) have similar jurisdictional elements, and the same rationale finding the regulation of firearms constitutional under the Commerce Clause applies to the regulation of explosives under the Commerce Clause.

And other courts agree that "it is well settled that Congress did not . . . exceed its authority under the Commerce Clause when enacting [Section] 842(i)(1) . . . ." *United States v. Joos*, 638 F.3d 581, 586 (8th Cir. 2011) (citing *United States v. Folen*, 84 F.3d 1103, 1004 (8th Cir. 1996)); *see also United States v. Lechner*, 806 F.3d 869, 876–77 (6th Cir. 2015); *United States v. Hermanson*, 91 F.3d 156, 1996 WL 387654, *1 (9th Cir. 1996) (per curiam) (unpublished table decision); *United*

States v. Wright, No. 7:11-CR-15, 2023 WL 1113154, at *3–5 (W.D. Va. Jan. 30, 2023).

Galey's Commerce Clause challenge fails.

IV.     Conclusion

The Court has considered all arguments. Those not addressed would not have altered the Court's decision. For the stated reasons, the Court DENIES Defendant Steven Ray Galey's [25] Motion to Dismiss. The Court will set this matter for trial.

SO ORDERED, this 12th day of August, 2025.

s/ Kristi H. Johnson  
UNITED STATES DISTRICT JUDGE